UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FRANCISCO VILLEGAS,** | Civil Action No. 14-7337 (MCA) |
| **Plaintiff,** | |
| v. | **MEMORANDUM AND ORDER** |
| **CORRECTIONAL MEDICAL SERVICES, INC., et al,** **Defendants.** | |

Plaintiff Francisco Villegas, a prisoner confined at New Jersey State Prison, seeks to bring this civil action *in forma pauperis*, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983, the New Jersey Civil Rights Act, and state law. The Court previously denied without prejudice his application to proceed *in forma pauperis* ("IFP"). (ECF No. 3.) Plaintiff has resubmitted his IFP application (ECF Nos. 4-5), and the Court grants his IFP application at this time.

Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).

According to his Complaint, Plaintiff was diagnosed with Hepatitis C in 2006, and his nine count Complaint alleges violations of his rights under § 1983, the NJCRA, and state law arising Defendants' delayed and inadequate treatment of his serious medical condition. He alleges that that the Defendants delayed treating his Hepatitis C for seven years, which has resulted in irreversible liver damage, and that Defendants are currently providing him with

1

inadequate treatment for his serious medical condition. This Court has screened the Complaint in this action for dismissal and has determined that dismissal of the entire Complaint is not warranted at this time.

The Court, however, will dismiss with prejudice the § 1983 and NJCRA claims against the NJDOC, NJSP, and the OAG, as these entities are not "persons" for purposes of § 1983 or the NJCRA.[1] *See Will v. Michigan Department of State Police*, 491 U.S. 58, 64, 70–71 (1989) (holding that state is not a "person" within the meaning of Section 1983); *see also Grieco v. Lanigan*, No. CV 15-7881 (FLW), 2016 WL 3450808, at *3 (D.N.J. June 17, 2016). The Court will also dismiss with prejudice the official capacity § 1983 and NJCRA claims for damages against the individual Defendants employed by the NJDOC, NJSP, and the OAG, as "official-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978)).

The Court will also dismiss without prejudice Counts Four and Five of the Complaint, which allege conspiracy claims brought pursuant to §§ 1983 and 1986.[2] Civil rights conspiracies

---

[1] The Complaint also lists as a Defendant, the New Jersey Department of Public Safety and Correctional Services, which appears to be another name for the NJDOC. To the extent, this Defendant is a separate state entity, it too would be subject to dismissal because it is not a person under § 1983 or the NJCRA.

[2] Section 1986 is a companion to Section 1985(3) and provides a cause of action against persons who, knowing that a violation of § 1985(3) is about to be committed and possessing the power to prevent its occurrence, fail to take action to frustrate its execution. *See Rogin v. Bensalem Tp.*, 616 F.2d 680, 696 (3d Cir. 1980), *cert. denied*, 450 U.S. 1029 (1981). In turn, "Section 1985(3) permits an action to be brought by one injured by a conspiracy formed 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'" *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (citing 42 U.S.C. § 1985(3)). The elements of a section 1985 claim are well-established and Plaintiff must allege the following: "(1) a

2

require a "meeting of the minds," and, thus, plaintiffs must provide some factual basis to support the existence of the elements of a conspiracy, namely, agreement and concerted action. *See Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970). Here, Plaintiff has provided only conclusory allegations that Defendants engaged in a conspiracy to deprive him of his civil rights.

The Court will also dismiss without prejudice the § 1983 and NJCRA claims against Defendant Saint Francis Medical Center because Plaintiff has alleged only that this entity is "responsible for providing health care services to prisoners housed within Defendant NJSP, NJDOC" (ECF No. 1, Compl. at ¶ 5), and has not alleged sufficient facts to suggest that this entity could be considered a state actor. *See, e.g., Columbie v. CMS*, No. CIV. 11-6168 JAP, 2012 WL 1183698, at *3 (D.N.J. Apr. 9, 2012) (dismissing St. Francis Medical Center as a non-state actor).

Finally, the Court will also dismiss without prejudice Count One of the Complaint, which alleges a state law claim for breach of contract, and alleges that Plaintiff is an intended third-party beneficiary of a contract between Defendants Correctional Medical Services ("CMS") and/or University of Medicine and Dentistry of New Jersey ("UMDNJ") and the remaining

---

conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 91 (1971)). "[T]ransgressions of § 1986 by definition depend on a preexisting violation of § 1985." *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994). In addition to establishing the existence of a Section 1985 conspiracy, a plaintiff asserting a claim under Section 1986 must demonstrate that: "(1) the defendant had actual knowledge of a § 1985 conspiracy, (2) the defendant had the power to prevent or aid in preventing the commission of a § 1985 violation, (3) the defendant neglected or refused to prevent a § 1985 conspiracy, and (4) a wrongful act was committed." *Id.* Here, Plaintiff has not pleaded the substantive elements of a § 1985(3) or a § 1986 conspiracy.

3

Defendants. Plaintiff appears to allege that he is an intended third-party beneficiary of the contract between Defendant CMS and/or UMDNJ and the State of New Jersey. His claim is presumably based on N.J.S.A. § 2A:15-2, which provides: "A person for whose benefit a contract is made, either simple or sealed, may sue thereon in any court ... although the consideration of the contract did not move from him." Under New Jersey law, a third-party may only enforce a contract if it is an <u>intended beneficiary</u>, rather than a mere incidental beneficiary. *See Rieder Communities, Inc. v. Twp. of N. Brunswick*, 227 N.J. Super. 214, 546 A.2d 563, 566 (App. Div. 1988). To determine whether a third-party is an intended beneficiary, New Jersey courts look to whether the contracting parties have expressly intended for that third-party to "receive a benefit which might be enforced in the courts." *Airmaster Sales Co. v. N. Bridge Park Co-op, Inc.*, 748 F.Supp. 1110, 1117-18 (D.N.J. 1990). A number of courts in this District have held that inmates do not have standing to sue on the contract between Defendant Correctional Medical Services and the State of New Jersey. *See Ali v. D.O.C.*, No. CIV.A. 08-2425 (FSH), 2008 WL 5111274, at *5 (D.N.J. Nov. 25, 2008); *Washington v. Corr. Med. Servs.*, No. CIV. 05-3715 (AET), 2006 WL 1210522, at *5 (D.N.J. May 1, 2006); *Allmond v. McDowell*, Civ. No. 98-3733 (D.N.J. April 16, 2001); *Mann v. Barbo*, Civ. No. 00-2215 (D.N.J. July 24, 2001). Other than his conclusory allegation that he is an intended third-party beneficiary (ECF No. 1, Compl. at ¶ 28), Plaintiff has not provided facts in his Complaint to support an argument that the contract between CMS and/or UMDNJ and the State of New Jersey contains language that would make him an intended beneficiary with standing to sue. As a result, the Court will dismiss his breach of contract claim without prejudice at this time.

The Complaint shall otherwise proceed at this time.

**IT IS** therefore on this ⁄⁄ day of July, 2016,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is hereby granted; and it is further

**ORDERED** that the Complaint shall be filed; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the warden of New Jersey State Prison; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for *each* case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce,* until the

5

$350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** that Plaintiff's § 1983 and NJCRA claims against the NJDOC, NJSP, and OAG are dismissed WITH PREJUDICE; the official capacity claims for damages against the individual Defendant employees of the NJDOC, NJSP, and OAG named in the Complaint are likewise dismissed WITH PREJUDICE; and it is further

**ORDERED** that the Counts Four and Five of the Complaint, which allege conspiracy claims brought pursuant to §§ 1983 and 1986, are dismissed WITHOUT PREJUDICE; and it is further

**ORDERED** that the § 1983 and NJCRA claims against Defendant Saint Francis Medical Center is dismissed WITHOUT PREJUDICE; and it is further

**ORDERED** that Count One of the Complaint, which alleges breach of contract based on Plaintiff's alleged status as a third-party beneficiary is dismissed WITHOUT PREJUDICE; and it is further

**ORDERED** that the Complaint shall otherwise PROCEED at this time; and it is further

**ORDERED** that, the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing Unites States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that, once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint

and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States[3]; and it is further

**ORDERED** that Defendant(s) shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendant(s), Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service[4]; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Memorandum and Order via regular mail.

Madeline Cox Arleo, District Judge
United States District Court

[3] Alternatively, the U.S. Marshal may notify Defendant(s) that an action has been commenced and request that the defendant(s) waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

[4] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.